RECEIVED
IN ALEXANDRIA, LA.
SEP 16 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROBERT RICHARD

versus

FREDS STORES OF
    TENNESSEE, INC.

CIVIL ACTION NO. 1:10-00758

U.S. DISTRICT JUDGE DEE D. DRELL
U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion to remand (Doc. 7) referred to me by the district judge.

Facts

Robert Richard ("Richard") filed suit on January 23, 2009 in the 12th Judicial District Court, Parish of Avoyelles, Louisiana ("12th JDC") to recover damages for a slip and fall accident which occurred in Fred's Store #1323. Neither a demand for a specific amount of damages nor a statement as to whether damages exceeded $50,000 was included in the Petition.

On July 14, 2009, Richard filed a stipulation into the record indicating the value of the case would not exceed $50,000. This stipulation remained in effect until May of 2010.

In October of 2009, Richard's attorney sent a letter to Fred's attorney stating Richard's treating physician was recommending spinal surgery.

Thereafter, on November 18, 2009, Richard's attorney sent a letter to 12th JDC judge, Judge Jeansonne, with a copy to Fred's attorney, advising Richard was indeed undergoing spinal surgery and

thus, the trial date of December 2, 2009 needed to be postponed. The following day, November 19, 2009, Fred's attorney sent a letter to plaintiff's counsel questioning whether the impending surgery was related to the slip in fall in their store as Richard had sustained injuries in an automobile accident in 2007 and had filed suit alleging back problems from that accident.

On January 18, 2010 Richard underwent a spinal fusion.

On March 19, 2010, five months after receiving a recommendation for surgery, four months after scheduling surgery, and three months after undergoing surgery, Richard filed a First Supplement and Amending Petition for Damages indicating his injuries clearly exceeded $50,000. Richard's attorney also sent a letter to defense counsel that day advising an amended petition was filed because the "damages exceed[ed] the $50,000 jury threshold amount". Counsel further advised that "Robert [Richard] is convinced that his symptoms from his back occurred in the Fred's accident."

On April 6, 2010, Richard's attorney sent copies of medical bills which totaled $84,164.60.

On May 6, 2010, Judge Jeansonne held a hearing on the motion to strike the amended complaint and ruled that the amendment was allowed and the stipulation was revoked. As a result of the decision, Fred's filed its Notice of Removal (Doc 1) in this court.

<u>Law and Argument</u>

Richard argues that under 28 U.S.C. §1446, a removal must be filed within one year after commencement of the suit. Fred's argues that the one-year limit should not apply in this suit because Richard filed a stipulation into the record stating the damages in the case did not exceed $50,000 and that stipulation remained the law of the case until May of 2010 when Fred's filed its notice of removal. Richard further argues that until April of 2010 (approximately three months after the one-year in which to remove expired), it had no knowledge that the case exceeded the federal $75,000 jurisdictional amount or that the back injury was related to his slip in fall in its store as opposed to the other accident. However, they were still unable to file a notice of removal at that time because the stipulation remained in effect.

Though Section 1446(b) does provide for a one-year limit in which to file for removal of a cases, the provision is subject to equitable tolling. <u>Tedford v. Warner-Lambert, Co.</u>, 327 F.3d 423 (5th Cir. 2003). "In enacting §1446(b), Congress intended to 'reduc[e] opportunity for removal after substantial progress has been made in state court.'" <u>Id.</u>, citing, H.R.Rep. No. 889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032. "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the

3

one-year limit in §1446(b) be extended." Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-429 (5th Cir. 2003).

In Tedford, 327 F.3d 423 (5th Cir. 2003), the Fifth Circuit found that plaintiff had clearly engaged in forum manipulation by adding a new non-diverse defendant upon learning that the defendants planned to remove to federal court and by signing and post dating a notice of non-suit as to the non-diverse defendant before the one year period expired but failing to file the notice until after the expiration of the one year period. Accordingly, the court held equity required extending the one year limit for removal.

A review of the record and allegations in this case evince that a stipulation stating the damages in the case were less than $50,000 was filed and remained the law of the case for eight months before Richard sought to amend and ten months before the stipulation was revoked. As of November, if not October, of 2009 Richard knew he would undergo spinal surgery and incur medical expenses in excess of the $75,000 federal jurisdictional amounts. Yet, he sat idly by for another four to five months before filing his amended petition and seeking to revoke the stipulation. Additionally, during this time, Fred's questioned Richard regarding whether the slip and fall and the spinal surgery were in fact causally connected, but Richard remained silent on the issue until April of 2010.

While Richard argues that Fred's knew or should have known that damages would exceed the $75,000 jurisdictional amount as of October or November of 2009 and should have removed at that time, Fred's properly notes that any attempt to remove would have been denied then, as the stipulation was still in effect. Further, Fred's immediately filed its notice of removal upon learning the stipulation was no longer in effect.

Fred's was most certainly prejudiced by Richard's forum manipulation. The stipulation foreclosed any opportunity Fred's had to remove the case as it remained in effect months after the one-year limit expired. While Richard contends he did not intend to circumvent federal jurisdiction, his overt action of filing the stipulation and allowing it to remain in effect beyond the one-year limit as well as his prolonged silence when specifically asked as to whether his back problems were related to the 2007 automobile accident or 2008 slip and fall indicate otherwise. Richard's conduct amounts to forum manipulation and, therefore, cannot defeat this court's jurisdiction.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the motion to remand (Doc. 7) be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections with fourteen (14) days of being served with a copy thereof. A courtesy copy of any objection or response or request for an extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN(14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 16th day of September, 2010.

JAMES D. KIRK
United States Magistrate Judge